•            •           • 
 • • •





MEMORANDUM OPINION

No. 04-08-00855-CR

Ramon RODRIGUEZ,
Appellant

v.

The STATE of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-5598
Honorable Sharon MacRae, Judge Presiding

PER CURIAM
 
Sitting:            Catherine Stone, Chief Justice
Steven C. Hilbig, Justice
                        Marialyn Barnard, Justice
 
Delivered and Filed:   February 4, 2009

DISMISSED
            Ramon Rodriguez pleaded guilty to burglary of a habitation pursuant to a plea bargain
agreement. As part of his plea-bargain, Rodriguez signed a separate “Waiver of Appeal.” The trial
court imposed sentence and signed a certificate stating that this “is a plea-bargain case, and the
defendant has NO right of appeal” See Tex. R. App. P. 25.2(a)(2). Rodriguez timely filed a notice
of appeal. The clerk’s record, which includes the plea bargain agreement and the trial court’s Rule
25.2(a)(2) certification, has been filed. See Tex. R. App. P. 25.2(d). This court must dismiss an
appeal “if a certification that shows the defendant has the right of appeal has not been made part of
the record.” Id.
            The court gave Rodriguez notice that the appeal would be dismissed unless an amended trial
court certification showing he has the right to appeal were made part of the appellate record within
thirty days. See Tex. R. App. P. 25.2(d); 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.–San
Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet.
ref’d) (not designated for publication). Rodriguez’s appointed appellate counsel filed a written
response, stating she has reviewed the record and can find no right of appeal. After reviewing the
record and counsel’s notice, we agree that Rodriguez does not have a right to appeal. See Dears v.
State, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk’s
record to determine whether trial court’s certification is accurate). We therefore dismiss this appeal.
Tex. R. App. P. 25.2(d). 
                                                                        PER CURIAM
 
Do not publish